UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                       :

EDILBERTO RUIZ, *on behalf of himself, FLSA*   :
*Collective Plaintiffs, and the Class,*

                       :

              Plaintiff,   :        25-CV-5777 (JMF)

                       :

        -v-   :       <u>MEMORANDUM OPINION</u>

                       :        <u>AND ORDER</u>

GREEN 70 LLC, *d/b/a Green Kitchen*, et al,   :

                       :

             Defendants.   :

                       :
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

In this case, familiarity with which is presumed, Plaintiff Edilberto Ruiz brings claims

pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York

State Labor Law ("NYLL"), N.Y. Lab. Law § 650 *et seq.*, against Defendants Green 70 LLC;

Green 84, LLC; C&V Enterprises, LLC; Ari Kasimis; Peter Kasimis; and Vasili Karabatsos.

Now pending is Ruiz's motion for conditional certification of a FLSA collective action and for

approval of notice and a "consent to sue" form. *See* ECF No. 21. Defendants oppose the motion

and raise objections to the proposed notice. *See* ECF No. 26 ("Defs.' Opp'n").

Upon review of the parties' submissions, the Court GRANTS Ruiz's motion as set forth

herein. In brief, between the Complaint, Ruiz's two declarations, and exhibits, *see* ECF Nos. 1,

23-2 through -8, and 30-1 through -3, Ruiz has carried his "low" burden at this stage of making a

"modest factual showing" that he and "potential opt-in plaintiffs together were victims of a

common policy or plan that violated the law." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir.

2010) (internal quotation marks omitted); *see also, e.g.*, *Amador v. Morgan Stanley & Co.*, No.

11-CV-4326 (RJS), 2013 WL 494020, at *2 (S.D.N.Y. Feb. 7, 2013) (noting that a plaintiff may

rely "on [his] own pleadings, affidavits, [and] declarations" to support a motion for collective action certification (quoting *Hallissey v. Am. Online, Inc.*, No. 99-CV-3785 (KTD), 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008)).[1]  Relatedly, Ruiz has made a sufficient showing at this stage that Defendants operate (or operated) the three restaurants at issue as a single, integrated enterprise.  *See, e.g.*, *Hsieh Liang Yeh v. Han Dynasty, Inc.*, No. 18-CV-6018 (PAE), 2019 WL 633355, at *5-6 (S.D.N.Y. Feb. 14, 2019) (discussing the relevant factors).  Defendants' assertions that the restaurants are each independently owned and operated, *see* Defs.' Opp'n 2-3, are belied by evidence that the restaurants share names, logos, principals, liquor licenses, websites, and social media presences, not to mention employees and supplies, *see* ECF No. 22 ("Pl.'s Mem."), at 2-5; *see, e.g.*, *Francisco v. Exclusive Mgmt. Sol. Grp., Inc.*, No. 24-CV-3928 (AT) (RWL), 2025 WL 3205486, at *2 (S.D.N.Y. Nov. 17, 2025) (relying on similar evidence to find, at the collective certification stage, that the plaintiff had shown a single, integrated enterprise).

Additionally, Ruiz's proposed collective action notice and "consent to sue" form, *see* ECF No. 23-1, are APPROVED, subject to the following rulings:

- Ruiz's categorical request for equitable tolling of the statute of limitation, *see* Pl.'s Mem. 17, is denied — without prejudice to an application from any opt-in plaintiff based on an individualized showing that tolling is warranted.  *See, e.g.*, *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011) (holding that, where "equitable tolling may extend the statute of limitations for certain prospective plaintiffs . . . it is appropriate for notice to be sent to the larger class of prospective members, with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date"); *accord Kargar v. Kamolov*, No. 22-CV-664 (JMF), 2022 WL 20304594, at *1

---

[1]    Defendants are on firm ground in arguing that Ruiz's initial motion papers failed to allege that he was paid in violation of the FLSA when he worked at Green 84, LLC.  *See* Defs.' Opp'n 3-4.  But Ruiz's reply papers, including his second declaration, clarify that does so allege, and he provides some evidence — namely a pay check — to support the allegation.  *See* ECF No. 30-2.

(S.D.N.Y. Dec. 21, 2022); *Emeterio v. A & P Rest. Corp.*, No. 20-CV-970 (JMF), 2021 WL 101186, at *1 (S.D.N.Y. Jan. 12, 2021).

- As preliminary certification relates solely to the FLSA, Ruiz's request for notice to be sent to all non-exempt employees employed by Defendants for the six-year period prior to the filing of the Complaint is denied. *See Kargar*, 2022 WL 20304594, at *2; *Emeterio*, 2021 WL 101186, at *2. Instead, notice shall be sent to all current and former non-exempt employees (including Sous Chefs, Cooks, Food Preparers, Dishwashers, Servers, Waiters, Soup Makers, Bartenders, Food Runners, and Bussers) employed by Defendants for the *three*-year period prior to the filing of the Complaint (collectively, the "Covered Employees"). *See, e.g.*, *Kargar*, 2022 WL 20304594, at *2; *Emeterio*, 2021 WL 101186, at *2; *see also, e.g.*, *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013) ("Notice would normally be provided to those employed within three years of the date of the notice. However, because equitable tolling issues often arise for prospective plaintiffs, courts frequently permit notice to be keyed to the three-year period prior to the filing of the complaint, with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date." (internal quotation marks and citation omitted)).

- Defendants shall post copies of the notice and opt-in forms in conspicuous non-public locations at their places of business. *See, e.g.*, *Kargar*, 2022 WL 20304594, at *2; *see also, e.g.*, *Sanchez v. Salsa Con Fuego, Inc.*, No. 16-CV-473 (RJS) (BCM), 2016 WL 4533574, at *7 (S.D.N.Y. Aug. 24, 2016) ("[C]ourts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail." (internal quotation marks omitted)).

- With Ruiz's consent, *see* ECF No. 30 ("Pl.'s Reply"), at 10, the notice should include contact information for defense counsel in a separate section titled (for consistency with the section providing contact information for Plaintiff's counsel) "THE LAWYERS REPRESENTING DEFENDANTS."

- **Within fourteen days of this Memorandum Opinion and Order**, Defendants shall produce in Excel format the names, titles, compensation rates, dates of employment, last known mailing addresses, email addresses, and telephone numbers of all Covered Employees. To the extent there are notice mailings returned as undeliverable, Defendants shall provide the Social Security Numbers of the recipients of the returned notices **within five days of any request by Plaintiff's counsel**. Any Social Security numbers so produced will be maintained by Plaintiffs' counsel alone and used for the sole purpose of performing a skip-trace to identify a new mailing address for notices returned as undeliverable. All copies of Social Security numbers, including any electronic file or other document containing the numbers, will be destroyed once the skip-trace analysis is completed. **Within fourteen days following the close of the opt-in period**, Plaintiffs' counsel will certify in writing to the Court that the terms of this Order have been adhered to and that the destruction of the data is complete. These

procedures are sufficient to safeguard the privacy information of potential plaintiffs. *See, e.g.*, *Kargar*, 2022 WL 20304594, at *2; *Shajan v. Barolo, Ltd.*, No. 10-CV-1385 (CM), 2010 WL 2218095, at *1 (S.D.N.Y. June 2, 2010).

In light of this ruling, the pretrial conference scheduled for **tomorrow, February 6, 2026**, at **11:00 a.m.** is hereby **CONVERTED to a telephone conference**. To access the conference, counsel should call the Court's dedicated conference call line at (855) 244-8681 and use access code 2303 019 3884, followed by the pound (#) key. When prompted for an attendee ID number, press the pound (#) key again. Members of the press and public may call the same number, but will not be permitted to speak during the conference. The parties are reminded to follow the procedures for telephone conferences described in the Court's Individual Rules and Practices, which are available at https://nysd.uscourts.gov/hon-jesse-m-furman, except that, given the shortness of time, they need not send a joint email to the Court with the names and honorifics (e.g., Mr., Ms., Dr., etc.) of counsel who may speak during the teleconference and the telephone numbers from which counsel expect to join the call.

The Clerk of Court is directed to terminate ECF No. 21.

SO ORDERED.

Dated: February 5, 2026
      New York, New York

                               JESSE M. FURMAN
                               United States District Judge