UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                      :
EDILBERTO RUIZ, *on behalf of himself, FLSA*                          :
*Collective Plaintiffs, and the Class,*                               :
                                                                      :
                                              Plaintiff,               :
                                                                      :
            -v-                                                        :
                                                                      :
GREEN 70 LLC, *d/b/a Green Kitchen,* et al.,                          :
                                                                      :
                                              Defendants.              :
                                                                      :
------------------------------------------------------------------------X

25-CV-5777 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

On February 5, 2026, the Court granted Plaintiff's Motion for Conditional Collective Certification and ordered Defendants to produce a list of collective action members and contact information by February 19, 2026. *See* ECF No. 41, at 3-4. On February 6, 2026, the Court held a conference and ordered Defendants to produce initial disclosures and respond to certain outstanding discovery requests by February 13, 2026. *See* ECF No. 42. On February 19, 2025, Plaintiff filed a letter-motion advising the Court that, as of that date, Defendants had failed to comply with both of the Court's Orders and seeking both an order to compel and sanctions. *See* ECF No. 43. Defendants responded on February 25, 2026, seeking an extension until March 4, 2026, to provide the collective action member list and certain other discovery; in their letter, Defendants represent that initial disclosures have now been produced. *See* ECF No. 44.

Rule 16(f) of the Federal Rules of Civil Procedure authorizes sanctions for conduct including, but not limited to, the "fail[ure] to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f). In addition, the Court has inherent authority to impose sanctions for "disobedience [of] the orders of the [Court]," both within the "court and . . . beyond the court's confines."

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (internal quotation marks omitted).  In light of Defendants' admitted failures to comply with the Court's Orders of February 5 and 6, 2026, sanctions are plainly warranted here.  If Defendants were unable to comply with the Court's deadlines, the proper course was to seek an extension from the Court, not to disregard the deadlines altogether.

Accordingly, Defendants and defense counsel are jointly ORDERED to reimburse Plaintiff for the fees and costs associated with filing the February 19, 2026 letter motion.  *See, e.g.*, *Uretsky v. Acme Am. Repairs*, No. 07-CV-4688 (DLI) (SMG), 2011 WL 1131326, at *1 (E.D.N.Y. Mar. 28, 2011) ("[A]ny fees awarded [pursuant to Rule 16(f)] must be related to the expenses incurred as a result of the sanctioned misconduct."); *see also, e.g.*, *Mahoney v. Yamaha Motor Corp. U.S.A.*, 290 F.R.D. 363, 371 (E.D.N.Y. 2013) ("A court may . . . award attorney's fees when sanctioning a party under Fed. R. Civ. P. 16(f), though only for reasonable expenses incurred because of noncompliance with this rule.").  The parties shall confer in an effort to reach agreement on the amount of that award and, no later than **March 9, 2026**, file a joint letter advising the Court if they have reached agreement or, if not, their respective positions.

Additionally, no later than **March 4, 2026**, Defendants shall produce **all** of the materials that the Court had ordered produced in its February 5 and 6, 2026 Orders, including contact information for all collective action members, as well as the 33% sampling of class members to which Defendants agreed.  For each day thereafter that Defendants fail to produce any of that information or material, Defendants and defense counsel shall be sanctioned $100.  Plaintiff shall advise the Court in the joint letter due on March 9, 2026, whether Defendants have complied.

Finally, the parties shall promptly confer in an effort to reach agreement on deposition dates.  The parties should be able to do so without the need for Court involvement.

The Court finds that the foregoing sanctions are sufficient to secure Defendants' compliance with the Court's orders and deadlines.  *See, e.g., Uretsky,* 2011 WL 1131326, at *1 (stating that sanctions pursuant to Rule 16(f) "should be no more severe than is necessary to deter the party against whom it is imposed"); *Weiss v. Weiss*, 984 F. Supp. 682, 686 (S.D.N.Y. 1997) (stating that "sanctions should not be more severe than reasonably necessary to deter repetition of the conduct by the offending person" (internal quotation marks omitted)).  Should Defendants continue to disregard deadlines and orders of the Court, they will be subject to even stiffer sanctions, up to and including entry of judgment for Plaintiff.

The Clerk of Court is directed to terminate ECF No. 43.

SO ORDERED.

Dated: March 2, 2026
    New York, New York

_____
JESSE M. FURMAN
United States District Judge

3